ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| JUNTA DE LICENCIAMIENTO Y DISCIPLINA MÉDICA DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>DR. CÉSAR BERROA BÁEZ<br><br>Parte Recurrente | TA2026RA00318 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Salud<br><br>Caso Núm.: QF-JLDM-2001-58<br><br>Sobre: Cancelación de Licencia |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece ante *nos* el Dr. César Berroa Báez (Berroa Báez o recurrente), por derecho propio, y nos solicita que revisemos la *Resolución 2025-163* emitida el 6 de noviembre de 2025 y notificada el 4 de diciembre de 2025, por la Junta de Licenciamiento y Disciplina Médica de Puerto Rico (Junta o recurrida).

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación se desestima el recurso de epígrafe por falta de jurisdicción.

**I.**

Surge del expediente ante nuestra consideración que, el 27 de febrero de 2025, notificada el 27 de marzo de 2025, la Junta emitió la *Resolución 2025-11* mediante la cual determinó, por unanimidad, cancelar la licencia numero 15506 a Berroa Báez. Posteriormente, el recurrente presentó una *Solicitud de Reconsideración [...]*. Así las cosas, el 24 de julio de 2025, la parte recurrida notificó la *Resolución*

*2025-109* mediante la cual determinó no considerar la solicitud de reconsideración que presentó el recurrente.

Luego, el 6 de noviembre de 2025, la Junta emitió la *Resolución 2025-163*, notificada el 4 de diciembre de 2025. Mediante esta, la Junta determinó denegar a Berroa Báez la oportunidad de tomar la reválida nuevamente. Así pues, el 23 de diciembre de 2025, el recurrente presentó una *Moción de Reconsideración* ante la Junta.

Inconforme, el 11 de junio de 2026, el recurrente comparece ante *nos* mediante una *Revisión de Decisión Administrativa.* Examinado el recurso ante nuestra consideración, el 18 de junio de 2026, emitimos una *Resolución* mediante la cual le concedimos al recurrente un término de diez (10) días para que presentara por moción, la *Resolución* de la Junta atendiendo la *Moción de Reconsideración* presentada el 23 de diciembre de 2025. Asimismo, le apercibimos de que, al transcurrir dicho término sin cumplir, el recurso podría ser desestimado por falta de jurisdicción.

Subsiguientemente, el 22 de junio de 2026, Berroa Báez presentó una *Moción en Cumplimiento de Orden* a la que anejó la *Moción de Reconsideración* presentada el 23 de diciembre de 2025, no así la *Resolución* de la Junta. En igual fecha, el recurrente presentó una *Moción Informativa*.

Así, procederemos a disponer del presente recurso, no sin antes expresar que conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), este Tribunal tiene la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho. En consideración a lo anterior, eximimos a la Junta de presentar escrito en oposición al recurso de revisión judicial ante *nos.*

**II.**

**A. Jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC.,* 2026 TSPR 30, 218 DPR ___ (2026). Véase, además, *Municipio de Aguada v. W Construction, LLC*, 214 DPR 432 (2024); *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra,* pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede

decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.*, *supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, *supra*, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o *ultra vires. Municipio de Aguada v. W Construction, LLC*, *supra* citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, *supra*, pág. 115, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso

de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Sabido es que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group,* 189 DPR 84 (2013); *Cárdenas Maxán v. Rodríguez,* 119 DPR 642 (1987). Por lo tanto, "las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del reglamento del tribunal de apelaciones". *Morán v. Marti,* 165 DPR 356 (2005).

En ese sentido, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *UGT v. Centro Médico del Turabo, Inc.,* 208 DPR 944 (2022). De lo contrario, el incumplimiento con las referidas normas, impedirá que el recurso presentado se perfeccione adecuadamente, privando de jurisdicción al foro apelativo. *Morán v. Marti, supra.*

En lo pertinente al presente caso, la Regla 59 (E) (1) (d) de nuestro Reglamento, *supra,* pág. 85, dispone que el apéndice de un recurso de revisión debe contener una copia literal de lo siguiente:

> [. . .].
>
> (d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.
>
> [. . .].

El Tribunal Supremo, generalmente, se ha movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la jurisdicción. *Vázquez Figueroa v. E.L.A.,* 172 DPR 150 (2007).

**III.**

Según el derecho que antecede, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias que tiene ante sí". *Friger Salgueiro v. Mech-Tech College, LLC., supra.* Por lo cual, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra.* Así, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA, supra.*

En el caso ante nuestra consideración, el 6 de noviembre de 2025, la Junta emitió la *Resolución 2025-163,* notificada el 4 de diciembre de 2025, mediante la cual determinó denegar al recurrente la oportunidad de tomar la reválida nuevamente. En consecuencia, el 23 de diciembre de 2025, Berroa Báez presentó una *Moción de Reconsideración* ante la Junta. Ahora bien, no se desprende del expediente ante *nos* la *Resolución* de la Junta atendiendo la solicitud de reconsideración, tampoco se indicó que haya sido rechazada de plano. De haber sido rechazada de plano, lo que desconocemos, el recurso es tardío.

Según relatamos, el 18 de junio de 2026, emitimos una *Resolución* mediante la cual le concedimos al recurrente un término de diez (10) días para que presentara por moción, la *Resolución* de la Junta atendiendo la *Moción de Reconsideración* presentada el 23 de diciembre de 2025 para poder auscultar si el recurso fue presentado dentro del término correspondiente. De igual forma, le apercibimos de que, al transcurrir dicho término sin cumplir, el recurso podría ser desestimado por falta de jurisdicción. El 22 de junio de 2026, Berroa Báez presentó una *Moción en Cumplimiento de Orden* a la que anejó la *Moción de Reconsideración* presentada el

23 de diciembre de 2025. Sin embargo, no incluyó la *Resolución* de la Junta. El recurrente no cumplió.

En vista de ello, ante la ausencia de la *Resolución* de la Junta atendiendo la solicitud de reconsideración, de existir, el recurrente no nos puso en posición de determinar si el recurso se presentó dentro del término jurisdiccional o en la alternativa es tardío o prematuro.

En consecuencia, y tras forzosamente concluir que no contamos con los elementos suficientes para entender en el presente caso, puesto a que no podemos auscultar nuestra propia jurisdicción, procede la desestimación del recurso ante *nos*. Dicho de otro modo, hemos acordado tomar esta determinación, ante el incumplimiento del peticionario con nuestra *Resolución*, según le fue advertido.

**IV.**

Por los fundamentos antes expuestos, *desestimamos* el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones